11-234-ag
Ye v. Holder

BIA
A077 341 575

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of June, two thousand twelve.

PRESENT:
> RALPH K. WINTER,
> REENA RAGGI,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

FA MING YE, AKA FA MING YI, AKA
TOM TRI THO TRUONG,
> *Petitioner,*

v.                                          11-234-ag

                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Lee Ratner, Law Offices of
                         Michael Brown, New York,
                         New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Anthony P. Nicastro, Senior
                         Litigation Counsel; S. Nicole
                         Nardone, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fa Ming Ye, a native and citizen of the People's Republic of China, seeks review of a December 29, 2010 decision of the BIA denying his motion to reopen his removal proceedings. *In re Fa Ming Ye*, No. A077 341 575 (B.I.A. Dec. 29, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered, and is permitted to file only one such motion. *See* 8 U.S.C. § 1229a(c)(7)(A), (C). There is no dispute that Ye's third motion to reopen, filed more than seven years after the BIA affirmed the immigration judge's ("IJ") denial of his asylum application, was untimely and number-barred. Accordingly, the BIA did not abuse its discretion

in denying Ye's motion to reopen as untimely.  *See* <u>Ali</u>*,* 448 F.3d at 517.

Ye contends, however, that his continued practice of Falun Gong in the United States constitutes changed circumstances, excusing him from the time and number limits. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).  As the BIA noted, however, Ye's Falun Gong activities, which he did not commence until well after he was ordered removed, reflect a self-induced change in personal circumstances, not a change of country conditions in China, and therefore, do not exempt his motion from the time limitation.  *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006); *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008).

Although Ye argues that the BIA ignored newspaper articles indicating that Falun Gong practitioners may face punishment for acts committed outside of China, the record does not compellingly suggest that the BIA failed to consider any evidence.  *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008).  Indeed, the BIA explicitly noted that the "evidence reflects that Chinese citizens who practice Falun Gong or participate in demonstrations in the United States may be detained or subject to re-education."

3

Furthermore, the BIA did not err by ascribing minimal persuasive weight to Ye's unauthenticated arrest notice, since the notice lacked any indicia of authenticity. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 149 (2d Cir. 2007).

Last, Ye's argument that the BIA erred in finding no change in country conditions, despite acknowledging the treatment of Falun Gong practitioners detailed in the U.S. Department of State's 2007 Profile of Asylum Claims and Country Conditions for China, is without merit. The mere fact that the BIA recognized "that Chinese citizens who practice Falun Gong or participate in demonstrations in the United States may be detained or subject to re-education" does not establish a material change in country conditions sufficient to excuse an untimely motion to reopen, given that the report addressed continuing repression of Falun Gong practitioners since 1999, and given the BIA's determination that Ye's continued practice of Falun Gong reflected a self-induced change in personal circumstances, *see Wei Guang Wang*, 437 F.3d at 273-74.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

4

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk